UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND; LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS-EMPLOYERS CONSTRUCTION INDUSTRY RETIREMENT FUND; ALASKA OPERATING ENGINEERS-EMPLOYERS TRAINING TRUST FUND, <br><br> Plaintiffs, <br><br> v. <br><br> SCHEFFLER NORTHWEST, INC., a Nevada corporation, <br><br> Defendant. | NO. <br><br> COMPLAINT TO COMPEL AUDIT |

Plaintiffs Locals 302 and 612 of the International Union of Operating Engineers Construction Industry Health and Security Fund, Locals 302 and 612 of the International Union of Operating Engineers-Employers Construction Industry Retirement Fund, and Western Washington Operating Engineers-Employers Training Trust Fund and allege:

COMPLAINT TO COMPEL AUDIT
Page 1 of 5
G:\01-01999\541\Alaska Industrial LLC COMPEL 1-13-\Complaint.doc

Reid, McCarthy, Ballew & Leahy, L.L.P.
ATTORNEYS AT LAW
100 WEST HARRISON STREET • NORTH TOWER, SUITE 300
SEATTLE, WASHINGTON 98119
TELEPHONE: (206) 285-0464 • FAX: (206) 285-8925

I.

They are unincorporated associations operating as trust funds pursuant to Section 302 of the Labor Management Relations Act of 1947, as amended, to provide medical, retirement, and training benefits for eligible participants. Plaintiffs' offices are located in King County, Washington.

II.

The Court has jurisdiction over the subject matter of this action under Section 502 (e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 (e)(1) and (f) and under Section 301 (a) of the Taft-Hartley Act, 29 U.S.C. §185 (a).

III.

Venue is proper in this district under Section 502 (e)(2) of ERISA, 29 U.S.C. §1132 (e)(2), because plaintiff Trusts are administered in this district.

IV.

Defendant is a Nevada corporation.

V.

Defendant is bound to a collective bargaining agreement with Local 302 of the International Union of Operating Engineers (hereinafter "Local"), under which Defendant is required to promptly and fully report for and pay monthly contributions to the Plaintiff Trusts at varying, specified rates for each hour of compensation Defendant pays to its employees who are members of the bargaining unit

COMPLAINT TO COMPEL AUDIT
Page 2 of 5
G:\01-01999\541\Alaska Industrial LLC COMPEL 1-13-1\Complaint.doc

Reid, McCarthy, Ballew & Leahy, L.L.P.
ATTORNEYS AT LAW
100 WEST HARRISON STREET • NORTH TOWER, SUITE 300
SEATTLE, WASHINGTON 98119
TELEPHONE: (206) 285-0464 • FAX: (206) 285-8925

represented by the Local (such bargaining unit members are any of Defendant's part time or full time employees who perform any work task covered by the Defendant's labor contract with the Local, whether or not those employees actually join the Local).

VI.

Defendant accepted the Plaintiffs' respective Trust Agreements and thereby agreed to audits by the Plaintiff Trusts of its records as follows, in part:

> The Board may require the Employers, any Signatory Association, any Individual Employer, the Union, any Employee or other beneficiary to promptly furnish to the Trustees, on demand, such payroll records, information, data, reports, or documents reasonably required for the purposes of administration of the Fund. The parties agree that they will use their best efforts to secure compliance with any reasonable request of the Board for any such information, data, reports or documents. The Trustees, or their authorized representatives, may examine the pertinent payroll records of each Individual Employer with respect to the Employees benefiting from this Agreement whenever the Trustees in connection with the proper administration of the Fund deem such examination necessary or advisable.
>
> In the event that any such audit shall determine that the Individual Employer is delinquent in the payment of contributions due the Fund, the Individual Employer shall be obligated for the cost of such audit; provided, however, that the Board of Trustees may waive the imposition of such costs upon good cause shown.

VII.

The Trustees of Plaintiff Trusts deem it both necessary and advisable to the proper administration of the Trusts that their authorized representatives examine the Defendant's books and records for the inclusive period of October 1, 2015 through March 31, 2016 to determine if the Defendant previously reported for and paid to the Trusts all of the amounts due them for the inclusive employment of members of the bargaining unit represented by the Local for said period.

Reid, McCarthy, Ballew & Leahy, L.L.P.
ATTORNEYS AT LAW
100 WEST HARRISON STREET • NORTH TOWER, SUITE 300
SEATTLE, WASHINGTON 98119
TELEPHONE: (206) 285-0464 • FAX: (206) 285-8925

## VIII.

On April 5, 2017 an email was sent to the Defendant requesting payroll information that included all Operating Engineer hours and job locations. No response was given to this email. On August 17, 2017, a follow-up email was sent to the Defendant requesting the same documentation, as well as additional detail regarding an active project agreement or key man agreement with Local 302 for the audit time frame of October 2015 through March 2016 with a due date for these documents of August 21, 2017. No response was given to this email. On September 8, 2017, an email was sent to the Defendant requesting that it send all documents by the end of September 11, 2017. To date Defendant has failed to make all of the requested records available for the thorough examination the Trustees deem necessary and advisable to the proper administration of the Trusts.

WHEREFORE, Plaintiffs pray the court as follows:

1. That the Court enter an Order Compelling Audit under which the Defendant shall be directed by the Court, within a specified time to make available to the authorized representatives of the Trustees of the Trusts the following documents:

   1. Detailed monthly payroll or job cost reports to show all employee hours by name and by job, for all jobs performed during the audit time frame of October 2015 through March 2016.

   2. Location information for each job performed during the time frame (city and state).

   3. Washington State Unemployment (SUTA) reports for the covered time frame.

COMPLAINT TO COMPEL AUDIT
Page 4 of 5
G:\01-01999\541\Alaska Industrial LLC COMPEL 1-13-\Complaint.doc

Reid, McCarthy, Ballew & Leahy, L.L.P.
ATTORNEYS AT LAW
100 WEST HARRISON STREET • NORTH TOWER, SUITE 300
SEATTLE, WASHINGTON 98119
TELEPHONE: (206) 285-0464 • FAX: (206) 285-8925

4. Remittance reports for hours reported to any other operators unions during the time frame.

2. Afford to the authorized representatives of the Trustees of the Trusts both ample time and opportunity to examine all such materials of Defendant at such time and at such place as shall be convenient to the Trustees' authorized representatives.

3. For judgment against the Defendant for:

   A. All of the Plaintiff's attorney's fees incurred in gaining auditor access to Defendant's records;

   B. All auditing expenses incurred by the Trusts in conducting the audit;

   C. All of the Plaintiffs' costs incurred in gaining auditor access to defendant's records; and

   D. For such other and further relief as the Court may deem just and equitable.

DATED this 25th day of October, 2017.

REID, McCARTHY, BALLEW & LEAHY, L.L.P.

_____
Russell J. Reid, WSBA #2560
Attorney for Plaintiffs

COMPLAINT TO COMPEL AUDIT
Page 5 of 5
G:\01-01999\541\Alaska Industrial LLC COMPEL 1-13-\Complaint.doc

Reid, McCarthy, Ballew & Leahy, L.L.P.
ATTORNEYS AT LAW
100 WEST HARRISON STREET • NORTH TOWER, SUITE 300
SEATTLE, WASHINGTON 98119
TELEPHONE: (206) 285-0464 • FAX: (206) 285-8925